By the Court.—Sedgwick, Ch. J.
The case made upon the trial was, in effect, the following:—
*337 The testator, in his lifetime, was a broker in real estate. The plaintiff’s agent called at his office and asked if there was a piece of real estate for sale at a low price. The testator’s agent named a house and lot, No. 34 Broadway, and said that the lot was 32 feet on Broadway. The plaintiff’s agent believing that it was so broad, communicated with the. plaintiff and informed him of what had been said as to the breadth. The plaintiff, relying upon the statement, offered for the house and lot $127,500.
The testator communicated this offer to Mr. Roof, the owner of the property. He verbally agreed to take this price, if it were net. This meant that the other side was to pay the brokerage of the testator for effecting the sale. A contract was written and was about to be executed by the plaintiff. It made no reference to the brokerage, giving the amount of consideration to be paid as $127.500. The plaintiff knew that this was to be net. The contract was signed. The plaintiff made the first payment. The testator presented to him the following bill, which the plaintiff paid: “ Mr. C. M. Roof to Homer Morgan, agent, Dr., for commission on sale of premises “ No. 34 Broadway, for $127,500 and 1 per cent., to E. H. Emerson, $1,275. Received payment from E. H. Emerson, Esq.”
The plaintiff soon afterwards discovered that the house was only twenty-eight feet and not thirty-four feet in breadth.
On the facts the contract was binding upon the plaintiff, and has not been set aside or avoided in fact. The testimony tends to show that the plaintiff has accepted a conveyance, under the contract.
The plaintiff claims that there was a mutual mistake as to the breadth of the house, and asserting that the brokerage was paid to the testator under that mistake, demands a return of it, as money had and received to the plaintiff’s use. It is not claimed that the representation was fraudulently made. The plaintiff rests upon *338 it being made negligently. On the trial the plaintiff recovered.
The case might have such a shape as to require an examination of the question of what was the legal duty of the testator to the plaintiff, at the time the representation was made. The grounds of the decision to be made, will not involve this question.
In my opinion, it is not in accordance with the facts, to say that the money Avas paid by reason of the mistake as to the breadth. 'Granting that the plaintiff would not have made the offer, if he had known that the house was twenty-eight feet in breadth, his mistake as to this led him to make the bargain he did, and part-of that was his agreement to pay the brokerage. It Avas part of the consideration to the owner, that the plaintiff should pay the brokerage that the owner Avould have been liable to pay, otherwise. It Avas paid to the testator as broker for the owner, as the bill rendered shows. So that the plaintiff paid because he was bound by the contract and not merely from a mistake. So long- as the contract Avas binding upon the plaintiff he could n'ot, by setting up the mistake, prevent an enforcemént by the testator, of his right to the brokerage. If he would be bound to pay, he can have no right to recover it back.
The plaintiff’s testimony sIioavs that he understood that he was under an obligation to the owner to pay the amount, for he testified that he deemed it to be a part of the consideration.
■ It will have been seen that the action was not for damages for losing a good bargain. The brokerage Avhich is demanded back, was fairly due, in so far as the plaintiff enjoyed the advantage of the contract.
What has been said, refers to exceptions of the defendant, which it is not important to specify.
The judgment and order should be reversed, and a neAv trial had, with costs to abide the event.
Trajan, J., concurred. •